United States Court of Appeals
For the Eighth Circuit

_____

No. 20-2397
_____

Miguel Pascual-Miguel; E.G.P.M.

*Petitioners*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

No. 23-1072
_____

Miguel Pascual-Miguel; E.G.P.M.

*Petitioners*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: November 14, 2023
Filed: December 27, 2023
_____

Appellate Case: 20-2397     Page: 1     Date Filed: 12/27/2023 Entry ID: 5347960

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

Miguel Pascual-Miguel and his daughter Erika Gabriela Pascual-Miguel, citizens of Guatemala, petition for review. The Board of Immigration Appeals affirmed, without opinion, the decision of an immigration judge denying them asylum, withholding of removal, and protection under the Convention Against Torture. They also petition for review of the BIA's denial of motions to reopen for ineffective assistance of counsel and *Mendez Rojas* class membership. *See generally* ***Rojas v. Johnson***, 305 F. Supp. 3d 1176 (W.D. Wash. 2018) (detailing background of class action). Having jurisdiction under 8 U.S.C. § 1252(a)(5), this court denies the petition.

Entering the United States without inspection, Pascual-Miguel and his daughter were issued Notices to Appear for removal proceedings. Pascual-Miguel sought asylum, withholding of removal, and CAT protection, based on his house in Guatemala being burned down while he was working in Mexico. Before the IJ, he repeatedly stated he did not know who burned his house or why: "We have no idea who might have burned that house." His sister reiterated this in her affidavit: "[W]e never knew who caused the fire." He speculated it may have been due to jealousy over inheriting the house from his mother or because he had left Guatemala. He testified he was not harmed or threatened in Guatemala and that "there are many things going on, dangerous things, and there is no way for one to make a living over there, that's why I came here." The IJ rejected all three grounds, finding the asylum application untimely, and the withholding of removal and CAT applications unsupported. On appeal, the BIA adopted and affirmed the IJ's decision.

Pascual-Miguel filed two motions to reopen, one for ineffective assistance of counsel, and one for *Mendez Rojas* class membership (which would excuse the untimely filing of his application for asylum). The BIA denied the ineffective

-2-

Appellate Case: 20-2397     Page: 2     Date Filed: 12/27/2023 Entry ID: 5347960

assistance of counsel motion due to lack of prejudice, and the *Mendez Rojas* motion due to failure to qualify for class membership and lack of prejudice.

"When the BIA affirms without opinion, the IJ's decision is the final agency action for purposes of judicial review." ***Abdelwase v. Gonzales***, 496 F.3d 904, 906 (8th Cir. 2007). "We review the determination regarding eligibility for asylum, withholding of removal, and relief under the CAT for substantial evidence, which is an extremely deferential standard of review." ***Khrystotodorov v. Mukasey***, 551 F.3d 775, 781 (8th Cir. 2008). "We will not disturb the BIA's findings of fact unless they are unsupported by substantial evidence." ***Rodriguez-Quiroz v. Lynch***, 835 F.3d 809, 818 (8th Cir. 2016), *citing* ***Etenyi v. Lynch***, 799 F.3d 1003, 1006 (8th Cir. 2015). "Reversal under that standard requires evidence 'so compelling that no reasonable fact-finder could fail to find for [petitioner].'" ***La v. Holder***, 701 F.3d 566, 570 (8th Cir. 2012), *quoting* ***Nadeem v. Holder***, 599 F.3d 869, 872 (8th Cir. 2010).

The IJ's decision to deny withholding of removal and CAT protection is supported by substantial evidence.[1] Withholding of removal should be granted when "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." **8 U.S.C. § 1231(b)(3)(A)**. This can be established by instances of past persecution or a clear likelihood of future persecution. **8 C.F.R. § 1208.16(b)(1)**. "Persecution 'is an extreme concept that involves the infliction or threat of death, torture, or injury to one's person or freedom, *on account of a protected characteristic*.'" *La*, 701 F.3d at 570 (emphasis added), *quoting* ***Malonga v. Holder***, 621 F.3d 757, 764 (8th Cir. 2010) (some internal quotations omitted). This requires a "persecutory motive." ***Perez-Rodriguez v. Barr***, 951 F.3d 972, 974–75 (8th Cir. 2020).

---

[1] Pascual-Miguel acknowledges that the IJ's denial of asylum is not before this court, as no challenge was raised before the BIA to the one-year filing requirement.

"[S]ince the statute makes motive critical, [petitioner] must provide *some* evidence of it, direct or circumstantial. And if he seeks to obtain judicial reversal of the BIA's determination, he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." **INS v. Elias-Zacarias**, 502 U.S. 478, 483–84 (1992). The IJ correctly found that Pascual-Miguel did not show persecution. Pascual-Miguel failed to show any evidence of persecutory motive. He conceded he did not know who burned his house, specifically testifying he had "no idea who might have burned that house." His sister's affidavit confirms this. Even his speculation about the house did not include a protected characteristic. He suggested only it might be because someone was jealous that he inherited the house or because he left Guatemala. General criminal intent is not a persecutory motive. *See* **Garcia-Milian v. Lynch**, 825 F.3d 943, 945 (8th Cir. 2016), *citing* **Ming Ming Wijono v. Gonzales**, 439 F.3d 868, 873 (8th Cir. 2006).

Pascual-Miguel's application for CAT relief similarly fails for lack of evidence. *See* **Njong v. Whitaker**, 911 F.3d 919, 924 (8th Cir. 2018) ("A separate analysis is required only where the applicant presents evidence that he 'may be tortured for reasons unrelated to his claims for asylum and withholding of removal.' … Njong grounds his claim under the CAT on the same facts underlying his claims for asylum and withholding of removal, so no separate analysis was required."), *quoting* **Guled v. Mukasey**, 515 F.3d 872, 882 (8th Cir. 2008).

Pascual-Miguel challenges the IJ's failure to introduce country conditions evidence and failure to ask more questions about any potential protected characteristic. Pascual-Miguel's lack of knowledge as to who burned his house foreclosed a persecutory motive. Thus, any failure of the IJ to further develop the record is immaterial. *See, e.g.*, **Menendez-Donis v. Ashcroft**, 360 F.3d 915, 919 (8th Cir. 2004) (upholding the IJ's decision that the applicant "did not have a well-founded fear of future persecution" where there was a "lack of clear evidence as to the identity of her attackers or the motives for their attacks").

-4-

The BIA properly denied Pascual-Miguel's two motions to reopen the case, one for ineffective assistance of counsel, and one for *Mendez Rojas* class membership. This court "review[s] the denial of motions to reopen, which are disfavored, under a highly deferential abuse-of-discretion standard." ***Li v. Garland***, 35 F.4th 661, 663 (8th Cir. 2022). Abuse of discretion exists where "a decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." ***Hernandez-Moran v. Gonzales***, 408 F.3d 496, 499 (8th Cir. 2005), *quoting* ***Feleke v. INS***, 118 F.3d 594, 598 (8th Cir. 1997).

"When the motion [to reopen] was premised on claims of ineffective assistance of counsel, we use the Board's leading decision in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), as a substantive and procedural compass." ***Ortiz-Puentes v. Holder***, 662 F.3d 481, 484 (8th Cir. 2011) (internal quotations omitted). The *Lozada* standard requires the petitioner to "demonstrate that [counsel's] performance prejudiced the outcome of the removal proceedings." ***Id.*** To demonstrate prejudice, this court requires the petitioner to show that the "attorney's performance was so inadequate that it may well have resulted in a deportation that would not otherwise have occurred." ***Obleshchenko v. Ashcroft***, 392 F.3d 970, 972 (8th Cir. 2004) (internal quotations omitted).

The BIA acknowledged that Pascual-Miguel's attorney's performance was presumptively deficient based on discipline by the Missouri Supreme Court. The BIA did not, however, reopen the case, finding that Pascual-Miguel was not prejudiced by his attorney's misconduct. The BIA did not abuse its discretion. Pascual-Miguel's lack of knowledge as to who burned down his house foreclosed any reasonable likelihood of a persecutory motive. The outcome, thus, would have been the same with adequate counsel.

The BIA also did not abuse its discretion in denying Pascual-Miguel's *Mendez Rojas* motion. By the *Mendez Rojas* class settlement, asylum petitioners may file beyond the statutory deadline (8 U.S.C. § 1158(a)(2)(B)) if they were not initially informed of it and expressed a fear of returning to their country of origin. In its majority opinion here, the BIA ruled that "the respondents have not shown that they are members of a *Rojas* class." Offering a conclusory six-line affidavit reciting the requirements for class membership, Pascual-Miguel contends he and his daughter are *Mendez Rojas* class members. Whether or not they are is immaterial. The BIA correctly stated that "even if the respondents were *Rojas* class members … the respondents have not demonstrated a nexus between the harm suffered and feared and any protected ground." "To qualify for asylum, an alien must show that a protected ground was or will be at least *one central reason* for persecuting the applicant." **Garcia-Moctezuma v. Sessions**, 879 F.3d 863, 867 (8th Cir. 2018) (internal quotations omitted). As discussed, the record does not establish this nexus. *See* **INS v. Doherty**, 502 U.S. 314, 323 (1992) ("failure to establish a prima facie case for the relief sought" is one of the "grounds on which the BIA might deny a motion to reopen"); **Caballero-Martinez v. Barr**, 920 F.3d 543, 548 (8th Cir. 2019) ("the BIA will remand only if the evidence is of such a nature that the Board is satisfied that if proceedings before the IJ were reopened, with all the attendant delays, the new evidence would likely change the result in the case"), *quoting* **Clifton v. Holder**, 598 F.3d 486, 492 (8th Cir. 2010).

The BIA did not err in affirming the IJ's denial of asylum, withholding of removal, and CAT relief, or in denying the motions to reopen.

\* \* \* \* \* \* \*

The petitions for review are denied.
_____

-6-